# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Sojourn Sherrell ) | |
| ) | |
| Plaintiff, ) | Case No.: 25-cv-6458 |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS |
| The City of Chicago, and Chicago Police ) | |
| Officers Nicholas Cortesi, Star No. 1146, ) | |
| Arturo Alegria, Star No. 15095, and ) | |
| Ronald Kaczmarek, Star No. 11541, ) | |
| ) | |
| Defendants. | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Sojourn Sherrell was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendants Nicholas Cortesi, Star No. 1146 ("Cortesi"), Arturo Alegria, Star No. 15095 ("Alegria"), and Ronald Kaczmarek, Star No. 11541 ("Kaczmarek") were employed by the Chicago Police Department as police officers, and were acting under color of state law and as the employees, agents, or representatives of the Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times the City of Chicago was the employer of the individual defendants.

**FACTUAL ALLEGATIONS**

6. On or about January 1, 2025, the Plaintiff was lawfully located inside her residence at 246 W. 108th Place in the City of Chicago, County of Cook, State of Illinois.

7. On that date and place Defendants Cortesi, Arturo, and Kaczmarek entered Plaintiff's residence.

8. Defendants Cortesi, Arturo, and Kaczmarek did not possess a warrant to enter or search Plaintiff's residence.

9. Defendants Cortesi, Arturo, and Kaczmarek did not have legal cause to enter or search Plaintiff's residence without a warrant.

10. Defendants Cortesi, Arturo, and Kaczmarek had not received consent from Plaintiff or any other occupant of the residence to enter or search the residence before they entered the residence.

11. After entering Plaintiff's residence Defendants Cortesi, Arturo, and Kaczmarek did not recover any contraband or evidence of a crime.

12. By reason of the above-described acts and omissions of Defendants Cortesi, Arturo, and Kaczmarek Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

13. The aforementioned acts of Defendants Cortesi, Arturo, and Kaczmarek were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. By reason of the above-described acts and omissions of Defendants Cortesi, Arturo, and Kaczmarek, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Defendants Cortesi, Arturo, and Kaczmarek For
### UNLAWFUL SEARCH AND SEIZURE

15. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (214) hereat as though fully set forth at this place.

16. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

17. The Defendants' entry and search of Plaintiff's residence was in violation of Plaintiff's Constitutional Rights and not authorized by law. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiff Against Defendants Cortesi, Arturo, Kaczmarek, and The City of Chicago**
**For**
**TRESPASS**

18. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully alleged at this place.

19. Defendants Cortesi, Arturo, and Kaczmarek, committed the tort of trespass when they entered Plaintiff's residence without permission or authority.

20. The City of Chicago is liable to Plaintiffs for the acts of Defendants Cortesi, Arturo, and Kaczmarek pursuant to the doctrine of *respondeat superior*.

21. As a result of these acts and/or omissions Plaintiff was damaged, and Defendants, Cortesi, Arturo, and Kaczmarek and the City of Chicago are all liable under the supplemental state law tort claim of Trespass.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
Suite 425
118 North Clinton St.
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
Suite 425
118 N. Clinton St.
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com